IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**DAREK LATHAN,**

        Petitioner,

v.                              **CIVIL ACTION NO. 5:23-CV-114**
                                    Judge Bailey

**RONALD BROWN,**

        Respondent.

## ORDER DISMISSING PETITION

On Mach 28, 2023, the *pro se* petitioner, Darek Lathan ("petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. [Doc. 1]. Petitioner is a federal inmate who is housed at FCI Gilmer in Glenville, West Virginia, and is challenging the legality of his conviction and sentence from the United States District Court for the Northern District of Ohio. On May 22, 2023, respondent filed a Motion to Dismiss. [Doc. 13]. On June 8, 2023, petitioner filed an "affidavit" which the Court construes as petitioner's response to the Motion. [Doc. 18]. On June 22, 2023, respondent filed a reply. [Doc. 19]. For the reasons that follow, the Motion to Dismiss will be granted and the petition will be dismissed.

### I. FACTUAL AND PROCEDURAL HISTORY[1]

---

[1] The information in this section is taken from the petitioner's criminal docket available on PACER. See ***United States v. Lathan***, 3:18-CR-00067-GCS-2 (N.D. Oh. 2018. ***Philips v. Pitt Cnty. Mem. Hosp.***, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); ***Colonial Penn. Ins. Co. v. Coil***, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

1

### A. Conviction and Sentence

On February 7, 2018, petitioner was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). Following a jury trial, petitioner was found guilty of both counts. On December 8, 2021, petitioner was sentenced to a total term of two-hundred and thirty-five months. Petitioner's current **projected** release date, via good conduct time, is December 30, 2034.

### B. Direct Appeal

On December 9, 3032, petitioner filed a Notice of Appeal. On appeal, petitioner argued that his rights under the Speedy Trial Act and Sixth Amendment were violated because the district court waited to determine his competency until after a second mental-health evaluation and that the district court violated Federal Rules of Criminal Procedure 12(d) by denying his *pro se* motions without holding a hearing or stating its findings. **United States v. Lathan**, No. 21-4177, 2023 WL 2523299, at *1 (6th Cir. Mar. 15, 2023), *cert. denied*, 143 S. Ct. 2481 (2023). The Sixth Circuit rejected these arguments and affirmed petitioner's conviction on March 15, 2023. *Id.*

### C. § 2255

On April 14, 2023, petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. In his petition, petitioner argued that the Court abused its discretion by imposing the 15-year minimum set forth in 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), and that he is actually innocent, citing an affidavit from Carlos Torres claiming responsibility of the gun in question. On June 12, 2023, the Motion was denied.

### D. Petitioner's Claims

In the instant petition, filed *before* his § 2255, petitioner raises near-identical arguments to those presented in his § 2255 petition. First, that Carlos Torres has stated in a sworn affidavit that he is the one responsible for the firearm, and, second, that due to a change in law, petitioner's sentence under the ACCA is unlawful.

### E. Motion to Dismiss

On May 22, 2023, respondent filed a Motion to Dismiss. In a supporting memorandum, respondent argues that the motion should be dismissed because petitioner had not exhausted a § 2255 petition in his sentencing court before filing the instant petition.

## II.   LEGAL STANDARDS

### A. Motion to Dismiss – Subject Matter Jurisdiction

A party may move to dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The burden of proving subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss is on the party asserting federal jurisdiction. A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment. ***Adams v. Bain***, 697 F.2d 1213, 1219 (4th Cir. 1982); ***Mims v. Kemp***, 516 F.2d 21 (4th Cir. 1975). Because the court's very power to hear the case is at issue in a Rule 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction. No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. See ***Materson v. Stokes***, 166 F.R.D. 368, 371 (E.D. Va. 1996). Whenever it

appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. See Fed. R. Civ. P. 12(h)(3).

### B. Motion to Dismiss – Failure to State a Claim

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is plausible on its face.' **Bell Atl. Corp. v. Twombly**, 550 U.S. 554, 570 (2007) (emphasis added)." **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs. **Edwards v. City of Goldsboro**, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. **Anheuser-Busch, Inc. v. Schmoke**, 63 F.3d 1305, 1312 (4th Cir. 1995). In **Twombly**, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Id. at 555, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." **Id**. at 570.

This Court is well aware that "[m]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." **Williams v. Branker**, 462 F. App'x 348, 352 (4th Cir. 2012). "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." **Witthohn v. Fed. Ins. Co.**, 164 F. App'x 395, 396 (4th Cir.

2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. *Id.* at 396–97.

### C. Pro Se Litigants

As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." **Haines v. Kerner**, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See* **Weller v. Dep't of Social Servs.**, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. § 2241, and this matter is due to be dismissed.

### III. ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. **Fontanez v. O'Brien**, 807 F.3d 84, 85 (4th Cir. 2015).

Second or successive motions under § 2255 are only permitted when based on "newly discovered evidence," § 2255(h)(1) or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," § 2255(h)(2). While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "saving clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective

to test the legality of his detention." 28 U.S.C. § 2255(e). Until recently, several courts, including the Fourth Circuit, had held that § 2255 was "inadequate or ineffective" when a prisoner sought relief based on a new interpretation of a criminal statute subsequent to petitioner's trial, appeal, and first § 2255 motion.[2] However, after the petition and Motion to Dismiss were filed in this case, the Supreme Court held that "Section 2255(e)'s saving clause does not authorize that end-run around [Antiterrorism and Effective Death Penalty Act of 1996]." *Jones v. Hendrix*, 143 S. Ct. 1857, 1860 (2023). Instead, the saving clause is limited to "unusual circumstances in which it is impossible or impracticable for the prisoner to seek relief from the sentencing court." *Id.* at 1866. Absent these unusual circumstances, a petitioner is not permitted to proceed with challenges to his conviction or sentence under § 2241. *See Id.* at 1869 ("The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. **It means that he cannot bring it at all.** Congress has chosen finality over error correction in his case.") (emphasis added); *see also* **Hall v. Hudgins**, No. 22-6208, 2023 WL 4363658, at *1 (4th Cir. July 6, 2023) (unpublished) (per curiam) (following *Jones*, a petitioner cannot use § 2241 to bring a successive collateral attack on the validity of his sentence).

Here, petitioner brought his claims in the instant petition while his motion under § 2255 remained pending in his sentencing court. Clearly, petitioner cannot show that it is impossible or impracticable to present his claims to his sentencing court; indeed, the sentencing court was considering his claims when the instant petition was filed. Accordingly, petitioner cannot present his claims in a § 2241 petition, and this Court is

---

[2] *See* **In re Jones**, 226 F.3d 328, 333–34 (4th Cir. 2000) to challenge conviction; and **United States v. Wheeler**, 886 F.3d 415, 428 (4th Cir. 2018) to challenge sentence.

without jurisdiction to entertain his claims. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); *Reinbold v. Evers*, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss [**Doc. 13**] is hereby **GRANTED**, and the Petition is hereby **DENIED** and **DISMISSED WITHOUT PREJUDICE**. Further, petitioner's remaining Motions [**Docs. 10, 18, 20, & 22**] are hereby **DENIED AS MOOT**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to mail a copy to the *pro se* petitioner.

DATED: August 2, 2023.

JOHN PRESTON BAILEY
**UNITED STATES DISTRICT JUDGE**